IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ASPIRE BRANDS, INC. <br> (a Delaware corporation), <br><br>               Plaintiff, <br><br> v. <br><br> MARTIN DEVELOPMENT GROUP, INC. <br> (a Florida corporation), <br><br>               Defendant. | Civil Action No. 23-cv-07757 |

## COMPLAINT

Plaintiff, Aspire Brands, Inc. ("Plaintiff"), by its attorneys, complains against Defendant, Martin Development Group, Inc. ("Defendant"), as follows:

## INTRODUCTION

1. This is an action for federal trademark infringement and unfair competition under 15 U.S.C. §§1114 and 1125(a) of the Lanham Act, a related state common law claim for unfair competition that arises out of the same operative facts, and for declaratory judgment pursuant to 28 U.S.C. § 2201, Federal Rule of Civil Procedure 57, and 15 U.S.C. § 1119.

2. Plaintiff is the owner of the registered trademark ASPIRE for beverages.

3. Plaintiff's ASPIRE-brand beverages, which contain over 98% water, contain tea, vitamins, minerals, antioxidants, and other nutrients that provide people with healthy energy.

4. Defendant's use of ASPIRE and ASPIRE NUTRITION for nutritional goods, including goods that are specifically marketed for use in beverages, is likely to cause confusion among relevant consumers and therefore infringes Plaintiff's rights in the trademark ASPIRE.

**THE PARTIES**

5. Plaintiff is a Delaware corporation with a place of business at 400 N. May St. Suite 301, Chicago, Illinois 60642.

6. On information and belief, Defendant is a Florida corporation with an address of 2860 Delaney Ave, Box 568892, Orlando, Florida 32856.

**JURISDICTION AND VENUE**

7. This Court has subject matter jurisdiction over this Complaint based on 15 U.S.C. § 1121 (action arising under the Lanham Act), 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1338(a) (action arising under any Act of Congress relating to patents or trademarks).

8. This Court also has subject matter jurisdiction over this Complaint pursuant to 28 U.S.C. § 1332(a)(1), in that the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States.

9. With respect to the claim for declaratory judgment herein, this Court has jurisdiction over the claim pursuant to 28 U.S.C. § 2201 since there is an actual, substantial controversy between the parties, namely, a Petition to Cancel pending at the U.S. Trademark Trial and Appeal Board, as detailed further *infra*. Under 28 U.S.C. § 2201, Plaintiff is entitled to seek a timely resolution of the declaratory judgment claim asserted herein.

10. This Court has supplemental jurisdiction over the concurrent state law claim pursuant to 28 U.S.C. § 1367 because the claim is part of the same case or controversy.

11. This Court has personal jurisdiction over Defendant in that Defendant, on information and belief, is doing business in this district. More specifically, on information and belief, Defendant sells the ASPIRE NUTRITION products at issue in this district.

12. For example, on the "Shop Aspire Nutrition" page on Defendant's website at https://aspirenutrition.com/collections, consumers in this district can purchase Defendant's ASPIRE NUTRITION products online.

13. Defendant also offers its ASPIRE NUTRITION products for purchase online through its Amazon seller page at https://www.amazon.com/stores/AspireNutrition/page/4A6D0675-5B0E-4A7B-AE22-A800151AD350?ref_=ast_bln and also through its Walmart seller page at https://www.walmart.com/search?q=Aspire+Nutrition&facet=brand:Aspire+Nutrition.

14. On information and belief, Defendant's online sales are directed to consumers throughout the United States, including in this district.

15. Venue is proper in this district pursuant to 28 U.S.C. § 1391, as it is believed that Defendant has sold and distributed the products at issue throughout the U.S., including in this district. Venue is also proper in this district because Plaintiff is located in this district, Plaintiff sells its products within this district, and the injury and damage to Plaintiff is occurring in this district, as well as elsewhere since Plaintiff's sales of its ASPIRE beverages are nationwide.

## BACKGROUND AND ALLEGATIONS COMMON TO ALL COUNTS

**A.     Plaintiff's ASPIRE-Branded Beverages**

16. Since at least as early as 2012, Plaintiff, itself and through a predecessor-in-interest, has marketed and sold beverages under the trademark ASPIRE.

17. Plaintiff's ASPIRE beverages are sold pre-made and the main ingredient of the beverages is water. More specifically, water makes up over 98% of the beverages.

18. Plaintiff's ASPIRE beverages are offered in over 12 flavors, including raspberry acai, mango lemonade, black raspberry, and dark cherry lime, among others. Examples of the ASPIRE beverages are shown below:

   

19. Plaintiff's ASPIRE beverages are made and marketed as healthy energy drinks. In addition to a high water content, they contain ingredients that provide a natural source of caffeine, as well as essential nutrients such as vitamins and minerals.

20. The natural source of caffeine found in the ASPIRE beverages is derived from green tea and guarana seed extract, which allows for sustained energy and focus.

21. The ASPIRE beverages also contain vitamins and minerals to support various health-related functions, such as Vitamin B (for mental alertness), Vitamin C (to reduce stress, help immunity, and act as an antioxidant), niacin (to reduce stress), Biotin (for healthy skin and nails), L-carnitine (to promote a more efficient metabolism), sodium (to help with hydration), and calcium (to help bone health), among other health benefits.

22. Plaintiff's promotional materials inform consumers that its beverages contain essential nutrients, as shown below from Plaintiff's home page/online retail store at aspiredrinks.com:

4



23. Plaintiff also markets the nutritional benefits of it beverages, as shown in the examples below:




24. Plaintiff's ASPIRE beverages also meet a variety of dietary requirements, as the beverages are Vegan, Kosher, and Keto-friendly, and are also gluten and soy-free.

25. Plaintiff promotes its ASPIRE beverages on its website at aspiredrinks.com and on various social media platforms such as Facebook, Instagram, Twitter, TikTok, YouTube, LinkedIn, and Pinterest.

26. Plaintiff has invested significant time and resources to advertise and develop its ASPIRE line of beverage products.

27. Plaintiff's ASPIRE beverages are sold in brick-and-mortar stores throughout the United States, which include several big-box stores such as Walmart (over 500 stores), Sam's Club, Costco Club, BJ's Club, and CVS as well as grocery retailers such as Albertsons (Jewel Osco), Kroger, Ahold Delhaize (Hannaford, Shaw's), Wakefern, Publix, and HyVee.

28. Plaintiff also sells its ASPIRE beverages through online platforms such as aspiredrinks.com, Amazon.com, Samsclub.com, and via third party resellers at Walmart.com.

29. Plaintiff is the owner of the following registrations for the ASPIRE trademark covering the following goods:

| Reg. No. | Filing Date | Reg. Date | Goods |
|---|---|---|---|
| 5,343,686 | December 4, 2014 | Nov. 28, 2017 | Class 30: Beverages with a tea base |
| 5,332,404 | August 19, 2015 | Nov. 14, 2017 | Class 32: Fruit-flavored beverages |
| 5,343,715 | August 31, 2015 | Nov. 28, 2017 | Class 5: Mineral, vitamin, or nutritionally enhanced water Class 32: Flavored enhanced water |

30. These registrations were duly and legally issued, and they are valid and subsisting. Copies of the ASPIRE registrations are attached hereto as Exhibit A and are incorporated herein by reference.

**B.     Defendant's ASPIRE NUTRITION Trademark and Products**

31. Defendant markets and sells nutritional supplements under the trademarks ASPIRE and ASPIRE NUTRITION.

6

32. On information and belief, prior to Defendant's use of ASPIRE and ASPIRE NUTRITION, Defendant's nutritional supplements were sold under the name "ALL-STAR NUTRITION".

33. On information and belief, sometime in 2020, Defendant rebranded its ALL-STAR NUTRITION nutritional products as ASPIRE and/or ASPIRE NUTRITION, long after Plaintiff acquired its rights in the ASPIRE trademark.

34. The ASPIRE NUTRITION mark is sometimes displayed as the plain word mark "Aspire Nutrition", and sometimes displayed in the following manners:







35. In all of the various displays of ASPIRE NUTRITION shown in the preceding paragraph, the distinguishing word "aspire" is far more prominent than the descriptive word "NUTRITION".

36. Sometimes Defendant uses ASPIRE not followed by NUTRITION in the marketing of its products, such as in "The Aspire Difference" section of Defendant's website, a portion of which appears below:

7

## The Aspire Difference

We are a family-owned company that started with our founder's passion for creating solutions to help his son that he couldn't find anywhere else. We continue to make supplements that we take ourselves and give to our loved ones.

Image location: [https://aspirenutrition.com/pages/aspire-difference]

37. Another example of use of ASPIRE not followed by NUTRITION appears below, also from Defendant's website:

Aspire provides premium-grade supplements for the entire family at affordable prices.

Image location: [https://aspirenutrition.com/collections]

38. Defendant offers a variety of nutritional products under the ASPIRE and ASPIRE NUTRITION trademarks. Such products include probiotics, multi-vitamins, and supplements, among others. Defendant prominently displays the mark ASPIRE on its product packaging, as shown on the examples of liquid and powder products below:

  

8

Image locations:
[https://aspirenutrition.com/collections/shop-all/products/beyond-omega]
[https://aspirenutrition.com/collections/shop-all/products/bio-heal-probiotic-powder]
[https://aspirenutrition.com/collections/shop-all/products/multi-vitamin-powder-unflavored]

39. Defendant's nutritional products are marketed and sold online through Defendant's website at aspirenutrition.com as well as on Amazon.com and Walmart.com.

40. Defendant's nutritional products are marketed as containing various vitamins, nutrients, and antioxidants, including several of those also found in Plaintiff's ASPIRE beverages.

41. Defendant's products serve some of the same functions as Plaintiff's ASPIRE beverages, such as support for brain function, energy, and mood, as shown below, taken from Defendant's advertising materials:



Image locations:
[https://aspirenutrition.com/collections/shop-all/products/multi-vitamin-powder-unflavored]
[https://aspirenutrition.com/collections/shop-all/products/liposomal-glutathione]

9

42. Defendant's website states that its nutritional supplements come in the following forms: capsules, unflavored powders, flavored drink mixes, and "more", as shown below:



Image location:
[https://aspirenutrition.com/pages/aspire-difference]

43. Some of Defendant's ASPIRE NUTRITION products are specifically marketed to be mixed into beverages for easy consumption. As shown in the preceding paragraph, Defendant's website states, "The flavorless powders go undetected and mix easily into food and drink." Defendant also sells nutritional supplements in liquid form, which could easily be mixed into beverages. Examples of advertising by Defendant touting and showing how its ASPIRE NUTRITION products can be mixed into beverages is shown below:

10



Image location:
[https://aspirenutrition.com/collections/shop-all/products/beyond-omega]



Image location:
[https://aspirenutrition.com/collections/childrens-favorite-supplements/products/multi-vitamin-powder-unflavored]

11

 

Image location:
[https://aspirenutrition.com/collections/shop-all/products/multi-vitamin-powder-unflavored]

 

Image location:
[https://aspirenutrition.com/collections/shop-all/products/liposomal-glutathione]

44. On November 17, 2020, Defendant applied to register the design mark , with the U.S. Trademark Office. The application was assigned U.S. Serial No. 90/325,155 and covers the following goods in Class 5: "Amino acids for nutritional purposes; Mineral nutritional supplements; Nutritional supplement for eliminating toxins from the body; Nutritional supplement for eliminating toxins from the intestinal tract; Nutritional supplements; Nutritional supplements in the form of capsules, tablets, powder, gummies; Nutritional supplements in the nature of nutritionally fortified soft chews; Nutritional supplements, namely, probiotic compositions; Nutritional and dietary supplements formed and packaged as bars; Nutritive substances for micro-organisms for medical use; Powdered nutritional supplement concentrate; Prebiotic supplements; Dietary and nutritional supplements; Nutritive substances for microorganism cultures" (the "ASPIRE NUTRITION Application").

45. As shown in the preceding paragraph, the mark in the ASPIRE NUTRITION Application features "aspire" in bold, dark-colored letters, whereas the descriptive word "NUTRITION" appears in less prominent, smaller-sized type in a light-colored font below the much more prominent display of "aspire".

46. The ASPIRE NUTRITION Application was applied for based on use under Section 1(a) of the Trademark Act, 15 U.S.C. § 1051(a), claiming a date of first use of November 2, 2020.

47. The Examiner of the ASPIRE NUTRITION Application required that Defendant disclaim NUTRITION on the grounds the word is merely descriptive of the goods in the Application. Defendant complied with this requirement.

48. The Examiner of the ASPIRE NUTRITION Application also refused registration on the basis that the Defendant's mark is likely to be confused with Plaintiff's ASPIRE Registration No. 5,343,715 for the Class 5 goods therein, namely, "mineral, vitamin, or nutritionally enhanced water."

49. Defendant filed a Petition to Cancel Plaintiff's ASPIRE Registration No. 5,343,715 for the Class 5 goods which is currently pending before the U.S. Trademark Trial and Appeal Board. The Petition to Cancel alleges that Plaintiff (and/or its predecessor-in-interest) never used the ASPIRE mark for the Class 5 goods, or, alternatively, that Plaintiff abandoned any rights it had in the ASPIRE mark for the Class 5 goods. The Cancellation Action was assigned No. 92082662. See Exhibit B.

50. The Cancellation Action remains pending at the time of this filing; however, concurrently with the filing of this Complaint, the Plaintiff is moving the Trademark Trial and Appeal Board to suspend the Cancellation Action pending the outcome of this Civil Action.

## COUNT I
### Federal Trademark Infringement Pursuant to 15 U.S.C. § 1114(1)

51. Plaintiff repeats and realleges as if fully set forth herein all of the allegations of the preceding paragraphs of this Complaint.

52. Plaintiff owns valid and subsisting rights in the ASPIRE trademark, and the ASPIRE trademark is inherently distinctive for Plaintiff's beverages.

53. Plaintiff owns valid federal registrations for the ASPIRE trademark, including U.S. Registration No. 5,343,686; No. 5,332,404; and No. 5,343,715.

54. Plaintiff has priority in the ASPIRE trademark over Defendant's mark ASPIRE NUTRITION.

55. Defendant markets and sells nutritional products under the mark ASPIRE NUTRITION—where ASPIRE is displayed as clearly the dominant and distinguishing portion—that are competitive with, closely related to, complementary with, and/or within the natural zone of expansion of, Plaintiff's ASPIRE healthy energy beverages.

56. Plaintiff and Defendant both sell their respective goods on the Internet, including through their own respective websites and on Amazon.com and Walmart.com.

57. On information and belief, Plaintiff's and Defendant's goods are offered and marketed through the same channels of trade and target the same or overlapping sets of customers.

58. Defendant's sale, offering for sale, and marketing and promotion of its goods in commerce in connection with the ASPIRE NUTRITION trademark is likely to cause confusion, mistake, or deception with Plaintiff and its ASPIRE trademark.

59. Defendant's use of the ASPIRE NUTRITION trademark is without Plaintiff's consent.

60. Defendant's actions constitute trademark infringement in violation of Section 32 of the Trademark Act, as amended, 15 U.S.C. § 1114(1).

61. Defendant's actions have caused, and unless restrained by this Court, will continue to cause, serious and irreparable injury and damage to Plaintiff and the goodwill long associated with Plaintiff's ASPIRE trademark.

62. Plaintiff has no adequate remedy at law.

## COUNT II
### False Representation, False Designation of Origin, and Federal Unfair Competition Pursuant to 15 U.S.C. § 1125(a)

63. Plaintiff repeats and realleges as if fully set forth herein all of the allegations of the preceding paragraphs of this Complaint.

64. Plaintiff owns all right, title, and interest in the inherently distinctive ASPIRE trademark.

65. Plaintiff's rights in the ASPIRE trademark are superior to any rights Defendant may have in the ASPIRE NUTRITION trademark.

66. Defendant's sale, promotion, and distribution of its goods in connection with the ASPIRE NUTRITION trademark is likely to cause confusion, mistake, or deception as to the source or origin of Defendant's nutritional products in that the relevant purchasing public is likely to believe that Defendant's nutritional products offered under the ASPIRE NUTRITION trademark are provided by, sponsored by, approved by, licensed by, affiliated with, or in some other way legitimately connected with Plaintiff.

67. Defendant's actions trade on the goodwill of Plaintiff's ASPIRE trademark.

68. Defendant's actions have caused, and unless restrained by this Court, will continue to cause, serious and irreparable injury and damage to Plaintiff and to the goodwill long associated with the ASPIRE trademark.

69. Defendant's actions constitute false representation, false designation of origin, and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

70. Plaintiff has no adequate remedy at law.

## COUNT III
### Common Law Unfair Competition

71. Plaintiff repeats and realleges as if fully set forth herein all of the allegations of the preceding paragraphs of this Complaint.

72. Defendant's actions constitute unfair competition under the common law of the State of Illinois.

73. Defendant's actions have caused, and unless restrained by this Court, will continue to cause, serious and irreparable injury and damage to Plaintiff.

74. Plaintiff has no adequate remedy at law.

## COUNT IV
### Declaratory Judgment
### Pursuant to 28 U.S.C. § 2201, Fed. R. Civ. P. 57, and 15 U.S.C. § 1119

75. Plaintiff repeats and realleges as if fully set forth herein all of the allegations of the preceding paragraphs of this Complaint.

76. This is a claim for declaratory judgment pursuant to 28 U.S.C. § 2201 and Federal Rule of Civil Procedure 57 for a declaration of the rights and other legal relations of Plaintiff and Defendant with regard to Defendant's Petition to Cancel Plaintiff's ASPIRE Registration No. 5,343,715 for the Class 5 goods, namely, "mineral, vitamin, or nutritionally enhanced water."

77. As shown in Exhibit B, the Petition to Cancel was filed based on Defendant's arguments that Plaintiff never used the ASPIRE mark for the Class 5 goods, or, alternatively, Plaintiff abandoned any rights it had in the ASPIRE mark for the Class 5 goods.

78. The alleged bases for Defendant's Petition to Cancel are not supported by facts but rather arguments and conjecture. As shown in Exhibit B, almost all of the allegations supporting Defendant's arguments are made on "information and belief."

79. Defendant cannot prove that Plaintiff abandoned or that Plaintiff or its predecessor-in-interest never used the mark ASPIRE for "mineral, vitamin, or nutritionally enhanced water" since (a) Plaintiff has not ceased its use of ASPIRE for its beverages since the first use thereof in 2012; (b) Plaintiff's beverages contain over 98% water; and (c) Plaintiff's beverages contain minerals, vitamins, and nutritional enhancements.

80. Pursuant to 15 U.S.C. § 1119, this Court has power over Plaintiff's U.S. Registration No. 5,343,715, including power over Plaintiff's right to the continued registration thereof.

81. Pursuant to 28 U.S.C. § 2201, Plaintiff is entitled to a declaratory judgment that Plaintiff's U.S. Registration No. 5,343,715 for the mark ASPIRE is not subject to cancellation and should remain valid and subsisting for the goods in Class 5.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for a judgment as follows:

A. Plaintiff prays for an injunction prohibiting Defendant from the continued use of ASPIRE and ASPIRE NUTRITION and any other mark containing ASPIRE for nutritional-related goods.

B. Plaintiff prays for a Declaratory Judgment affirming Plaintiff's right to the continued registration of U.S. Registration No. 5,343,715 for the Class 5 goods therein, namely, "mineral, vitamin, or nutritionally enhanced water," and for a certified Order to the Director of the U.S. Trademark Office effectively terminating the Cancellation Action No. 92082662 in favor of Aspire Brands, Inc. and sustaining the validity of U.S. Registration No. 5,343,715 for the Class 5 goods therein.

C. Plaintiff prays for other relief to be ordered by the Court, as follows:

  (1)  Directing Defendant to pay over to Plaintiff all gains, profits and advantages realized by Defendant from the sale of goods sold under the ASPIRE NUTRITION trademark;

  (2)  Directing Defendant to pay over to Plaintiff all damages suffered by Plaintiff in order to compensate Plaintiff, and that such damages be trebled, pursuant to 15 U.S.C. §1117;

  (3)  Directing Defendant to pay over to Plaintiff damages in the form of money to be spent on corrective advertising, to dispel any actual confusion that may have already occurred among relevant consumers and in the marketplace by virtue of Defendant's acts;

  (4)  Awarding Plaintiff such other and further relief that the Court may deem just and proper.

Respectfully submitted,

Date: September 7, 2023    By: /s/ Tamara A. Miller
    Tamara A. Miller (#6237169)
    tmiller@leydig.com
    Laura M. Schaefer (#6321447)
    lschaefer@leydig.com
    LEYDIG, VOIT & MAYER, LTD.
    Two Prudential Plaza--Suite 4900
    Chicago, IL 60601
    Ph. (312) 616-5600
    Fax (312) 616-5700

    Attorneys for Plaintiff Aspire Brands, Inc.